UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNA LYDIA SANTIAGO,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 13-30120-MGM

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 16)

September 23, 2014

MASTROIANNI, U.S.D.J.

I.     INTRODUCTION

Anna Lydia Santiago ("Plaintiff") brings this action seeking a writ of mandamus directing the Commissioner of the Social Security Administration ("Commissioner") to pay Supplemental Security Income ("SSI") benefits in accordance with a decision issued by an administrative law judge ("ALJ") on March 12, 2013, which decision subsequently was reopened. The Commissioner has filed a motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the court will grant the Commissioner's motion.[1]

II.     STANDARD OF REVIEW

The same standard of review applicable to a motion to dismiss under Rule 12(b)(6) applies to a motion to dismiss under Rule 12(b)(1). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Accordingly, the court "must credit the plaintiff's well-pled factual allegations

---

[1] In accordance with this ruling, the court will also deny Plaintiff's Motion for Order Granting Writ of Mandamus. (Dkt. No. 13.)

and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). "A plaintiff, however, may not rest merely on 'unsupported conclusions or interpretations of law.'" Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Washington Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Ultimately, to avoid dismissal on a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction lies with the court. See Murphy, 45 F.3d at 522.

### III.  BACKGROUND

The following facts come from Plaintiff's complaint and documents referenced therein. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d. 315, 321 (1st. Cir. 2008) ("When . . . a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss . . . .") (quoting Beddal v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998)); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (courts may also consider "official public records" at the motion to dismiss stage).

On February 14, 2008, Plaintiff reapplied for SSI benefits, which she was awarded on reconsideration on August 14, 2008.[2] (Plaintiff's Complaint ("Compl.") ¶ 4.) Retroactive benefits from that award, however, were withheld to repay a putative overpayment on her prior claim from June of 2005 through April of 2006. (Id.) On March 12, 2013, an ALJ issued a decision finding that

---

[2] According to the ALJ's March 12, 2013 decision, Plaintiff began receiving SSI payments on her prior claim in August of 2001. (Exhibit 1 (attached to Defendant's Memorandum of Law in Support of Motion to Dismiss ("Defs' Memo")) at 8.) In 2006, however, Plaintiff's benefits were suspended because she had an outstanding warrant. (Id.) On April 28, 2006, Plaintiff was informed that she had been overpaid $7,723.29. (Id.)

2

Plaintiff had not, in fact, been overpaid SSI benefits from June of 2005 through April of 2006.[3]  (Id. ¶ 5.)  On April 5, 2013, the Office of Disability Adjudication and Review ("ODAR") informed Plaintiff that the matter had been "reopened" and was scheduled for another hearing.  (Id. ¶ 6.)  ODAR also sent Plaintiff a letter on April 10, 2013 stating that the ALJ

> has decided to reopen his decision issued on March 12, 2013, pursuant to 20 C.F.R. 416.1488(b), which permits the reopening of a determination, revised determination, or decision for any reason within two years of the initial determination for good cause.  Good cause for reopening is established because the evidence that was considered in making the decision clearly shows on its face that an error was made.  Specifically, his initial decision mistakenly treated your client as being covered by the Clark v. Astrue decision.  The Clark decision only included individuals whose benefits were suspended or denied after October 24, 2006; your client's benefits were suspended on May 11, 2006.

(Exhibit 1 (attached to Defendant's Memorandum of Law in Support of Motion to Dismiss ("Defs' Memo")) at 10.)

Plaintiff alleges that because no party appealed the March 12, 2013 decision, and none of the "conditions for reopening" under 20 C.F.R. § 416.1488 were applicable, "the decision became final and binding" under 20 C.F.R. § 416.1455, despite the reopening.  (Compl. ¶ 8.)  Accordingly, Plaintiff seeks a writ of mandamus directing the Commissioner to give effect to the March 12, 2013 decision and to pay her SSI benefits in accordance therewith.

On June 24, 2013, Plaintiff filed her complaint, which invokes both 28 U.S.C. § 1331, the federal question jurisdiction statute, and 28 U.S.C. § 1361, the mandamus jurisdiction statute, as the basis for this court's jurisdiction.  The Commissioner has explained that, upon request from Plaintiff, the ALJ has postponed indefinitely the reopened hearing in light of this action.

---

[3] The ALJ explained that, because the basis for the overpayment determination was an outstanding warrant, Plaintiff was part of a class action certified in Clark v. Astrue ("Clark IV"), 274 F.R.D. 462 (S.D.N.Y. 2011).  (Exhibit 1 (attached to Def's Memo) at 9.)  Clark IV followed a decision in which the Second Circuit held that the Social Security Administration's practice of denying or revoking benefits due to outstanding warrants was inconsistent with a statutory provision prohibiting benefits to individuals "violating a condition of probation or parole."  Clark v. Astrue ("Clark III"), 602 F.3d 140, 147 (2d Cir. 2010).  The Second Circuit reasoned that the standard for finding probable cause that typically supports the issuance of a warrant is lower than the preponderance of evidence standard normally required "when Congress provides that a fact triggers civil legal consequences."  Id. at 148.

3

IV.  ANALYSIS

In seeking dismissal, the Commissioner argues that the court lacks subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies. In particular, the Commissioner argues that 42 U.S.C. § 405 provides the exclusive means for reviewing social security decisions and specifically precludes actions brought under 28 U.S.C. § 1331. The Commissioner also argues that mandamus jurisdiction is not available because the Commissioner does not owe Plaintiff a clear, nondiscretionary duty. In response, Plaintiff argues that 42 U.S.C. § 405 does not deprive the court of subject matter jurisdiction because she is seeking enforcement, rather than review, of a social security decision. Plaintiff further argues that mandamus jurisdiction is appropriate because the ALJ had no authority to reopen the March 12, 2013 decision. Thus, according to Plaintiff, the March 12, 2013 decision is final and the Commissioner has a nondiscretionary duty to enforce it. The court agrees with the Commissioner that it lacks subject matter jurisdiction over this action.

As an initial matter, the Commissioner is correct that 42 U.S.C. § 405 ordinarily provides the exclusive avenue for obtaining judicial review of social security decisions.[4] Under 42 U.S.C. § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Furthermore, 42 U.S.C. § 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

---

[4] Although 42 U.S.C. § 405 governs social security disability insurance ("SSDI") claims, its judicial review provisions are incorporated by reference in 42 U.S.C. § 1383(c)(3), which governs SSI claims. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also Smith v. Schweiker, 709 F.2d 777, 779 (2d Cir. 1983) (explaining that 42 U.S.C. § 1383(c)(3) also incorporates 42 U.S.C. § 405(h)).

4

> No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Accordingly, to the extent this action is brought under 28 U.S.C. § 1331, it is barred by the plain language of 42 U.S.C. § 405(h).

In support of her argument that jurisdiction is not lacking, Plaintiff cites McCuin v. Sec'y of Health & Human Servs., 817 F.2d 161 (1st Cir. 1987), in which the First Circuit held that 42 U.S.C. § 405(h) did not deprive the court of federal question jurisdiction because the plaintiff's challenge was to the "method" of the Secretary's determination rather than the amount of an award. Id. at 165-66. The Supreme Court, however, has subsequently clarified that the scope of 42 U.S.C. § 405(h) is not limited to "amount determinations," but applies to virtually all claims under the Social Security Act. See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13-20 (2000); see also Corliss v. Barnhart, 225 F. Supp. 2d 104, 107-108 (D.Mass. 2002) (explaining that in Illinois Council, "the Supreme Court held that § 405(h) bars not only so-called 'amount' claims, but all claims arising under the statute"). Accordingly, as Magistrate Judge Collings has explained, "[t]he Illinois Council case effectively overrules the jurisdictional discussion in McCuin." Corliss, 225 F. Supp. 2d at 108 n.8; see also Popps v. Barnhart, 2004 WL 240566, *2-3 (D.Mass. Feb. 9, 2004). The court, therefore, does not have jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff's claim clearly "aris[es] under" the Social Security Act, whether it is couched as a claim for "review" or "enforcement" of a social security decision. See Weinberger v. Salfi, 422 U.S. 749, 760 (1975) (explaining that a claim "aris[es] under" the Social Security Act for purposes of 42 U.S.C. § 405(h) when the Social Security Act "provides both the standing and the substantive basis for the presentation" of the claim).

Moreover, even assuming that mandamus jurisdiction is not automatically precluded by 42 U.S.C § 405(h) – a question explicitly left open by the Supreme Court, see Your Home Visiting Nurse Servs. v. Shalala, 525 U.S. 449, 456 n.3 (1999); Heckler v. Ringer, 466 U.S. 602, 616 (1984) – jurisdiction under 28 U.S.C. § 1361 is unavailable in any event. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler, 466 U.S. at 616. Plaintiff clearly has not exhausted all other avenues of relief at the administrative level because the ALJ reopened the March 12, 2013 decision. See id. at 617; Corliss, 225 F. Supp. 2d at 107 n. 5.

Granted, Plaintiff contends that she has exhausted her administrative remedies because the ALJ lacked the authority to reopen the March 12, 2013 decision, thus rendering the decision "final" after neither party requested review with the Appeals Council within 60 days. In this regard, Plaintiff argues that the applicable regulations prohibit reopening a decision more than two years after the "initial determination" (absent fraud which is not present) and that the initial determination was in 2006. See 20 C.F.R. § 416.1488(b). The Commissioner, on the other hand, argues that the initial determination was in 2012 and that the ALJ, therefore, properly reopened the decision. See 20 C.F.R. § 416.1402 (defining "initial determination"). Plaintiff may very well have a meritorious argument.[5] But the court need not (and should not) resolve this issue. As the Commissioner argues, Plaintiff will have the opportunity to make this argument before the ALJ at the new hearing, before the Appeals Council on review if necessary and, ultimately, on appeal to the district court under 42 U.S.C. § 405(g) in the normal course. See Illinois Council, 529 U.S. at 23 ("After the action has been [channeled through the agency], the court will consider the contention when it later reviews the

---

[5] Without the full administrative record, however, it is far from clear which party is correct. Accordingly, the fact that the "initial determination" issue is unclear merely reinforces the conclusion that mandamus jurisdiction is not available, as Plaintiff has not demonstrated that the Commissioner owes her a clear, nondiscretionary duty.

6

action."); Corliss, 225 F. Supp. 2d at 108-109 ("The plaintiff's claims must first be channeled through the administrative agency and, if after a final agency decision Corliss is yet aggrieved, she has the right then to pursue her claims in federal court.").

For present purposes, however, it is sufficient that there are further administrative steps Plaintiff can take in seeking relief. See Willis v. Sullivan, 931 F.2d 390, 398 (6th Cir. 1991) ("Even if the Secretary had acted improperly initially in requiring further administrative hearings on the issue of Willis' financial eligibility for purposes of Title XVI, once the Secretary had established that further administrative relief was available, Willis was required to pursue that course of action before proceeding to federal court."); Bisson v. Sec'y of Health & Human Servs., 787 F.2d 181, 185 (6th Cir. 1986) ("The district court ought not to have considered the issue of whether the Appeals Council could, under the statute, reopen the case. Whether or not the Council ought to have done so, once it reopened the case plaintiff had an adequate remedy in proceeding as the Council directed and then, if necessary, bringing suit under § 405(g). In that suit she would be able to bring any objections she has to the Appeals Council's ruling if it ultimately should play a part in the Secretary's denial of her claim."). After all, Plaintiff may end up succeeding at the administrative level, thereby negating the need for judicial involvement whatsoever. As the Supreme Court explained in Heckler, in which it held that mandamus jurisdiction was not available because the plaintiff had an adequate remedy under 42 U.S.C. § 405(g), "the purpose of the exhaustion requirement is to prevent 'premature interference with the agency processes' and to give the agency a chance 'to compile a record which is adequate for judicial review.'" Heckler, 466 U.S. at 619 n.12 (quoting Weinberger, 422 U.S. at 765)); see also Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 79 (1st Cir. 1997) ("Insisting on exhaustion forces parties to take administrative proceedings seriously, allows administrative agencies an opportunity to correct their own errors, and potentially avoids the need for judicial involvement altogether.").

While Plaintiff may complain that this process results in unnecessary delay, it is important to remember that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Dailon, Inc., 449 U.S. 33, 34 (1980). As the court explained in Popps,

> [i]t is true that the doctrine [of exhaustion] may delay justice in meritorious cases of which this may be one. If the Commissioner has overstepped her bounds, and if she fails to correct her course appropriately, the day of vindication will come, later to be sure than Popps would like, but in a context where relief will have systemic as well as case-specific repercussions.

Popps, 2004 WL 240566, at *3. Here, Plaintiff has simply mounted a premature legal challenge and the court therefore lacks jurisdiction over this action.

## V.    CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Order Granting Writ of Mandamus (Dkt. No. 13) and ALLOWS the Commissioner's Motion to Dismiss (Dkt. No. 16). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge